284 F.2d 317
 Joachim RIBEIRO, Plaintiff-Appellant,
v.
UNITED FRUIT COMPANY, a New Jersey Corporation, and Esso
Standard Oil Company, a Delaware Corporation,
Defendants-Appellee, and UNITED FRUIT COMPANY, a New Jersey
Corporation, Third-Party Plaintiff-Appellee, v. ESSO
STANDARD OIL COMPANY, a Delaware Corporation, Third-Party
Defendant-Appellee.
 No. 13, Docket 26145.
 United States Court of Appeals Second Circuit.
 Argued Sept. 28, 1960.
Decided Nov. 21, 1960.
 
 Louis J. Opal, New York City (Jacob Rassner, Thomas F. Frawley, Benjamin Schwartz, New York City, on the brief), for plaintiff-appellant.
 Hampton & Mahoney, New York City, for United Fruit Co., defendant-appellee.
 Kirlin Campbell & Keating, New York City (Walter X. Connor, New York City, James P. O'Neill, New York City, on the brief), for Esso Standard Oil Co., defendant-appellee.
 Before LUMBARD, Chief Judge, and TUTTLE* and FRIENDLY, Circuit judges.
 TUTTLE, Circuit Judge.
 
 
 1
 Appellant appeals from a judgment in favor of the defendant, Esso Standard Oil Company, based on adverse answers by the jury to special interrogatories in this personal injury admiralty case. The jury, in answering the questions as it did, was authorized to believe the following facts:
 
 
 2
 The plaintiff was a night watchman on the S. S. Parisminia; defendant's barge No. 23 was tied up alongside this vessel to bunker it. Its crew consisted of two men designated by Esso as 'captain' and 'mate.' The bargemen, in order to prepare for the fueling operation, placed a ladder on the deck of the barge leading to the deck of the ship. The bargemen prepared the vessel for the pumping of the fuel and returned to the barge.
 
 
 3
 Plaintiff had no duties on board the barge. Upon his return to the barge the captain entered a housing at the stern which he used as his office and which also contained a small kitchen. When he entered he found the plaintiff inside drinking milk from a container which he had taken from the barge's refrigerator. When the captain asked the plaintiff what he was doing on the barge the latter replied that he wanted some coffee. The captain replied that he could have a cup of coffee, but plaintiff said he wanted a package of coffee. The captain replied that he had no coffee to give him. However, he permitted the plaintiff to finish the milk, after which he left. Shortly thereafter a noise was heard on deck and the plaintiff was found lying on the deck of the barge near the ladder. He was assisted by the bargeman to a chair, and, after about five minutes, ascended the ladder to his own ship without assistance. Plaintiff's claim is that the ladder had fallen with him. The captain and mate testified that the ladder did not fall.
 
 
 4
 Plaintiff's principal ground of reversal is his contention that the trial court erred in submitting only three special interrogatories to the jury. The questions put to the jury, and answered by it, were:
 
 
 5
 'Did the captain of the Esso Barge 23 invite the plaintiff aboard the barge?'The answer is 'No.'
 
 
 6
 'Did the captain have authority to invite the plaintiff aboard the barge for a purpose other than one in furtherance of the interests of the owner?
 
 
 7
 'The answer is 'No.'
 
 
 8
 'Was the plaintiff aboard the barge for a purpose inimical to the legitimate interest of her owner?
 
 
 9
 'The answer is 'Yes."
 
 
 10
 Plaintiff avers that Rule 49, Federal Rules of Civil Procedure, 28 U.S.C.A., provides that special interrogatories 'can only accompany a general verdict,' citing the following excerpt from Rule 49(b):
 
 
 11
 'The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict.'
 
 
 12
 Being met with appellee's citation of Section 49(a), 'The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact,' appellant, in his reply brief, challenges the correctness of the trial judge's application of this rule by asserting that the three questions did not present 'each issue of fact.' The defendant counters that the plaintiff 'consented that the jury first be asked to determine plaintiff's status on the barge,' and then points to the further provision of Section 49(a), which provides:
 
 
 13
 'If in so doing (submission of written questions) the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury.'
 
 
 14
 Defendant points to the fact that, although plaintiff's counsel did object to certain parts of the charge, he did not request the submission of additional fact issues to the jury. There can be no doubt that a party can waive his right to require the presentation of all issues by special interrogatory. See Merrill v. Beaute Vues Corporation, 10 Cir., 235 F.2d 893.
 
 
 15
 We think it appropriate here to comment on the very substantial failure by both parties to support several of their contentions, especially as relates to waiver of the submission on special interrogatories, by incorporating in their appendices so much of the trial proceedings as was necessary to support their respective assertions. The appellant did not include in his appendix any of the discussion between court and counsel touching on the submission of the question of liability separately from the issue of damages, and on the submission of special questions without a general verdict. The appellee not only failed to furnish the court with this part of the minutes, but it failed to file any appendix whatever. As to such a failure to comply with the rules of this Court we have recently said:
 
 
 16
 'Rule 15(b), adopted in an effort to save parties the expense of printing immaterial parts of long records, demands a good-faith effort by counsel to reproduce those parts that are material; and the Court is always willing to entertain applications under Rule 15(a) to present even these in typewritten form where printing would be burdensome.' United States v. Lefkowitz et al., 2 Cir., 284 F.2d 310, 316.
 
 
 17
 The failure of the parties to file appendices containing all of the transcript necessary to support the contentions of their proponent, and particularly the complete failure of appellee to furnish any appendix whatever, has made it necessary for the Court to comb through the entire stenographic transcript in order to resove the conficting statements in the briefs.
 
 
 18
 The inspection we have made clearly demonstrates that appellant did not object to dividing the jury issue into two parts, nor did he object to dividing the issue of liability into two parts: (1) the status of the plaintiff on board, and (2) the question of negligence if the answer to the status question did not resolve the case. The trial court made it clear before giving his charge to the jury that he would follow this procedure and counsel acquiesced, as he did to the submission of the special interrogatories without a general verdict.[1] Furthermore, after the charge was given to the jury, appellant made no objection to the form of the submission.
 
 
 19
 On the other hand, it is equally clear that plaintiff did not waive his objections to the submission of the first two questions as not being relevant.[2] He expressly, however, agreed to the submission of the third question, subject to his contention that the jury should be instructed to answer that question in his favor.
 
 
 20
 Plaintiff adhered to the position that it was unimportant, in an action brought under admiralty rules, whether the plaintiff had been invited on the barge or whether, if so invited, the master was exceeding his authority, because he insisted, and here urges, that the recent Supreme Court decision of Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 409, 3 L.Ed.2d 550, makes these questions irrelevant. The Court stated the question there to be:
 
 
 21
 'The decisive issue is thus whether admiralty recognizes the same distinctions between an invitee and a licensee as does the common law.'It then answered the question by saying:
 
 
 22
 'For the admiralty law at this late date to import such conceptual distinctions, would be foreign to its traditions of simplicity and practicality. The Lottawanna, 21 Wall. 558, at page 575, 22 L.Ed. 654. The incorporation of such concepts appears particularly unwarranted when it is remembered that they originated under a legal system in which status depended almost entirely upon the nature of the individual's estate with respect to real property, a legal system in that respect entirely alien to the law of the sea.[9] We hold that the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case.[10] * * *' (Footnotes in the opinion not here reproduced.) 358 U.S. 625, 632, 79 S.Ct. 406, 410.[3]
 
 
 23
 We think we need not determine whether the submission of special interrogatory No. 1 actually presented a necessary factual issue as contemplated under Rule 49(b), supra. The plaintiff's status as an invitee or as a licensee on the barge may be a 'circumstance' within the meaning of the Supreme Court's opinion quoted above. If so, it may be argued that it was necessary for the jury to resolve this issue before it could determine what would be reasonable care in such circumstances. However, since none of the three questions was in the alternative and they were not mutually dependent, and since the third question, agreed to be proper, presented the critical issue, we conclude that the submission of the first two questions, even if they did not present necessary issues, did not prejudice appellant. The jury expressly found, in answer to question No. 3, that he was 'aboard the barge for a purpose inimical to the legitimate interest of her owner.' This finding precludes a recovery on the ground of negligence. There was no basis fof a finding that this defendant had violated nay duty which he owed to this plaintiff as a trespasser. See 2 Harper and James, The Law of Torts, 27.6, pp. 1461-67.
 
 
 24
 There is, of course, a further reason why the submission of the second question could not possibly harm the plaintiff. The jury expressly found that the captain did not invite the plaintiff. It, therefore, is immaterial that the jury was also asked to find whether the captain had actual authority to do so.
 
 
 25
 In light of the consent by the plaintiff that this type of verdict might be asked, and in light of the fact that the first two questions did not complicate or bear in any way on the ability of the jury to answer the third one, we find that no prejudicial error resulted in the presenting of the three stated questions to the jury.
 
 
 26
 Plaintiff complains also about the court's admitting into evidence the written rules of the defendant touching upon the authority of the captain to invite visitors aboard the barge, and the admission of a written report of the mate. Since the jury found that the plaintiff was on the barge for purposes inimical to the interests of the ship, it is unimportant whether the captain was authorized under his company rule to invite him aboard. The admission of the rules could, therefore, not be prejudicial to the plaintiff. The written report of the mate was admissible under the principle recognized by this Court in Gelbin v. New York, New Haven & Hartford R.R. Co., 2 Cir., 62 F.2d 500. That case quoted from and approved the following statement from Di Carlo v. United States, 2 Cir., 6 F.2d 364, 366:
 
 
 27
 'It is well settled that, when the veracity of a witness is subject to challenge because of motive to fabricate, it is competent to put in evidence statements made by him consistent with what he says on the stand, made before the motive arose. The common sense of such a rule has been too strong for the formal objection that the evidence is hearsay, and indeed the objection is in substance not good anyway, since the witness is by hypothesis there to be cross-examined.'
 
 
 28
 Finally, the plaintiff complains here that the court incorrectly charged the meaning of the word 'inimical.' After the jury had considered the case for some time they sent in a request for interpretation of the words 'for purpose' and the word 'inimical' as used in the third question. The question asked by the jury was, 'In question 3 please clarify the use of the word 'inimical' and the phrase 'for purpose."
 
 
 29
 The court discussed the matter with counsel and plaintiff's counsel said: 'May I respectfully ask the court to charge the jury only by answering the question directly without elaboration. They ask: what is the meaning of it? The meaning is hostile or harmful and nothing more.' Previously, in the original charge, the court had said:
 
 
 30
 'If you find the plaintiff went there for the purpose of helping himself to some food, whether it be milk or coffee or whatever it was, and that he did so without the captain's consent, you may find that he went there with a purpose inimical to the interest of the captain. In view of the relationship between the captain of the barge and its owner you may conclude from this testimony that the plaintiff had a purpose inimical to the legitimate interests of the owner of the barge.'
 
 
 31
 This instruction was not objected to by the plaintiff.
 
 
 32
 In answer to its request for clarification the court told the jury:
 
 
 33
 'If is very significant that your request is not for dictinonary definitions of those words, but to clarify the use of those words. You know, a word used in one context may have one meaning and that same word used in a different context may have an entirely different meaning. As used in the context of the charge the term 'inimical' was intended to mean 'inconsistent with,' and the phrase 'for purpose' speaks for itself.'
 
 
 34
 We think that the failure of the plaintiff to object to the instruction originally given and which the jury was still permitted to accept as correct even after the charge defining inimical as 'inconsistent with,' prevents the recharge from being error if in fact the court defined inimical too favorably for defendant, which we do not decide.
 
 
 35
 The judgment is affirmed.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation
 
 
 [1]
 After the trial judge announced his intention of submitting the question of liability first, and then submitting the issue of damages only if liability was established, the following colloquy took place:
 'Gentlemen, do you understand what the questions are that we are going to put to them?
 'Mr. Rassner: I do, your Honor.
 'The Court: It won't be necessarily in that language, but that is going to be the substance of it.
 'Mr. Rassner: May I make a comment as to that, your Honor.
 'The Court: Yes, sir.
 'Mr. Rassner: In the main I feel that your Honor's thoughts should facilitate matters. However, as a matter of protecting my client's rights I would like to express one objection. I feel that the question of whether or not the plaintiff was aboard that vessel lawfully, rightfully is a matter of law and not a matter of fact, and therefore I object to so much-- I consent to everything else but object to so much--
 'Mr. Rassner: I object to the submission of whether or not the plaintiff was lawfully or properly aboard the vessel to the jury on two grounds: first, that I believe it was error for the Court to permit any evidence as to the rules and regulations of the company as not binding on the plaintiff and in no wise lessening the authority of the master to invite or permit the plaintiff aboard the vessel, and I use the words 'invite or permit' advisedly; secondly, that whether or not the plaintiff was there with the original express invitation of the master or with his consent is immaterial so long as he was there for purposes not inimical to the interests of the owners of the barge 23.
 'With that one reservation--
 'Mr. Rassner: For the record, I would like to make my position clear.
 'The Court: I don't know what it means, 'for the record.' In other words, you don't mean it seriously?
 'Mr. Rassner: No. I object to a question being submitted to the jury which in any wise gives them the duty or right to pass upon whether or not the plaintiff was aboard the vessel rightfully or wrongfully other than in a manner inimical to the interests of the barge 23.'
 
 
 [2]
 Plaintiff objected to the submission of the first question on the ground that it was immaterial whether he was an invitee or a licensee or even a trespasser. The only test was whether he was on board for purposes 'inimical to the ship's interest.' He objected to the submission of the second question on the ground that even if the issue of invitation was relevant, it would be the apparent authority of the captain to invite him and not the actual intercompany limitations on the captain's authority that would control
 
 
 [3]
 The term 'all who are on board' was not used by the Supreme Court to include those as to whom the law gives extra protection, such as seamen and others aboard 'doing a seaman's work and incurring a seaman's hazards.' Seas Shipping Co. v. Sieracki, 328 U.S. 85, 99, 66 S.Ct. 872, 880, 90 L.Ed. 1099. See footnote 9 in Kermarec v. Compagnie Generale Transatlantique, supra